## Kirby v. Armstrong and others.

### Circuit Court, D. Indiana. February, 1881.

1. INFRINGEMENT—PROFITS—BURDEN OF PROOF.

Where the patent is for an improvement in machines, the burden is on the complainant to separate the profits due to the improvement from the general profits of the business. This rule is recognized, not reversed, in *Elizabeth* v. *Pavement Co.* 97 U. S. 126.

2. SAME—PROFITS DERIVED FROM IMPROVEMENT—PROOF.

Where the complainant fails to show what, if any, definite part of the whole profits were produced by his improvement, his recovery must be nominal only.

3. REFERENCE—COSTS.

Costs of reference taxed against complainant.

*Mitchell & Holmes,* for complainant.

*Parkinson & Parkinson,* for defendants.

GRESHAM, D. J.  Josiah Kirby filed his bill against Thomas Armstrong, Robert Armstrong, William L. Standish, and G. W. Geddes, charging that the defendants had infringed the complainant's letters patent, numbered 72,505, issued on the twenty-fourth day of December, 1867, for a new and useful improvement in bung cutting, with a prayer for an injunction and a recovery of profits.  On the hearing before the circuit judge it was found that the defendants G. W. Geddes and William L. Standish had infringed the rights of the complainant as to the first, third, and fourth claims set forth in the letters patent.  The two last-named defendants were enjoined from the further using of the complainant's invention, and there was a reference to the master to take and state an account of the profits which the defendants had made by infringing.

The first, third, and fourth claims set forth in the complainant's patent read as follows: "*First.* That each bung is cut by a fish-mouth chisel from a separate square block of wood of the same diameter as the bung, thus saving the material, and lessening the strain on the machine. *Third.* That the parts of my machine are so arranged that the chisel finishes one blank and partly cuts another at each operation, instead of cutting a single blank at each stroke. This enables me to accomplish the next feature, which is—*Fourth.* That the block fed into the machine at each stroke serves as a cutting board for the block already partly cut and on the chisel, thus giving a clean, smooth surface for the chisel to cut against, and securing the edges of the blank from fraying, and the edge of the chisel from injury."

It was agreed before the master that the defendants had manufactured 1,387 barrels of bungs and taps, which they sold for $7,928.40, and that after deducting the cost of material, expense of manufacturing and sale, there was left a net profit of $182. The master found that the use of the complainant's improvement contributed to the aggregate profits; that it was impossible, on the evidence before him, to separate the particular profits which resulted from the use of the complainant's invention, in connection with the other machinery, from the aggregate profits; and the burden being on the defendants to make the separation, which they had failed to do, the complainant was entitled to a decree for the entire profits. This finding of the master was based upon the ruling in the *City of Elizabeth* v. *Pavement Co.* 97 U. S. 126. Bung-cutting machines were in use before the date of the complainant's patent, which was for an improvement only in such machines. The defendants used a bung-cutting machine with the complainant's improvement applied, and the general business resulted in profits. The complainant sued the infringers for an injunction and profits. He has got his injunction, and the master has given him the entire profits of the business, on the ground that the defendants failed to separate the profits traceable to the complainant's improvement from the general profits. It was not suffi-

cient to entitle the complainant to a recovery of profits to show that gains had resulted from the general business. He was required to go further, and show by evidence what profits the infringers had derived from affixing to their machine his invention.

It is now well settled that if the complainant in a suit for an injunction and profits fails to show that the use of his invention in connection with other machinery, of which his invention is an improvement, has produced a definite part of the whole profits, his recovery of profits must be nominal only. *Robertson* v. *Blake,* 94 U. S. 728; *Garretson* v. *Clarke,* 16 O. G. 806.

The soundness of this rule is recognized in the *City of Elizabeth* v. *Pavement Co.* That was a suit to enjoin certain parties from infringing a patent issued to Samuel Nicholson for a new and useful improvement in wooden pavement, and for profits. The defendants, in their answer, amongst other things, alleged that they had constructed the pavement in accordance with a patent granted to John W. Brocklebank and Charles Trainor. In that case the profits received by the defendants were the fruits of the use of Nicholson's invention. It was not a case in which only a part of the profits had resulted from the use of the Nicholson improvement. The Nicholson pavement was a complete thing, consisting of a certain combination of elements which the defendants used as an entirety. The evidence failed to show that the Brocklebank and Trainor invention contributed to the profits realized; in fact, it tended to show that the use of this invention diminished the profits instead of increasing them. In deciding the case the court says: "It is not the case of a profit derived from the construction of an old pavement, together with a superadded profit derived from adding thereto an improvement made by Nicholson, but of an entire profit derived from the construction of his pavement as an entirety. A separation of distinct profit derived from Brocklebank and Trainor's improvement, if any such profit was made, might have been shown; but, as before stated, the appellants fail to show that any such distinct profit was realized."

The master should have found that the complainant was entitled to nominal profits only. Decree accordingly, with costs of the reference taxed against the complainant.